*Order Published September 12, 1989:*

MICHIGAN BELL TELEPHONE COMPANY v SFAT, No. 86332. The certification by the Court of Appeals pursuant to Administrative Order No. 1984-2 that its decision in this case conflicts with its decision in *Hicks v Ottewell,* 174 Mich App 750 (1989), is considered and, in the absence of an application for leave to appeal, the Court declines to order further consideration of the question presented. Court of Appeals No. 101077.

*Leave to Appeal From Attorney Discipline Board Denied September 27, 1989:*

GRIEVANCE ADMINISTRATOR v PERKINS, No. 86670.

*Rehearing Denied September 27, 1989:*

METROPOLITAN PROPERTY & LIABILITY INSURANCE COMPANY v DICICCO, No. 81433, 5/November 1988. See, however, the addenda to the opinions of BOYLE, J., and CAVANAGH, J., the texts of which are set forth below. Reported at 432 Mich 656, 701, 737.

BOYLE, J. Metropolitan's rehearing motion points out that it has defended DiCicco in the underlying tort suit while simultaneously pursuing the present declaratory judgment action which sought a determination that Metropolitan was: (1) not required to indemnify DiCicco for any judgment rendered against him in the underlying suit, and (2) not required to further defend him in that underlying suit. Metropolitan's motion also explains that, in simultaneously pursuing these courses of action, it was acting in accordance with the common insurance company practice of acknowledging its duty to defend until receiving a declaratory judgment that it no longer has a duty to defend because it has no coverage for the incident or conduct in question. In light of these representations, I withdraw those portions of my original opinion suggesting that whether Metropolitan has an obligation to indemnify DiCicco will be determined by fact findings in the underlying tort suit. My opinion should not be read as deciding that questions of insurance coverage should be determined in the underlying tort suit where the insurer has commenced a declaratory judgment action to resolve such coverage questions.

It follows that because the trial court, in deciding this declaratory judgment action, did not apply the test articulated in the opinion, i.e., whether DiCicco subjectively expected or intended to injure Gravenmier, the appropriate relief is to remand this case to the trial court for the application of that standard in this declaratory judgment action and for a determination of whether Metropolitan owes a duty to indemnify or further defend DiCicco in the underlying action.

BRICKLEY, J., concurred with BOYLE, J.

CAVANAGH, J. In my initial partial concurrence, I agreed with the conclusion of Justice BOYLE's opinion that a remand is necessary to determine the existence of coverage under the "subjective test." I now